Holmes v. SOT



NUMBER 13-00-304-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

____________________________________________________________________


WILLIAM HAYES HOLMES, Appellant,


v.


THE STATE OF TEXAS, Appellee.

____________________________________________________________________


On appeal from the County Court at Law No. 3

of Nueces County, Texas.

____________________________________________________________________


O P I N I O N

Before Justices Hinojosa, Yañez, and Castillo

Opinion by Justice Hinojosa



A jury found appellant, William Hayes Holmes, guilty of the offense of driving while intoxicated, and the trial court
assessed his punishment at ninety days confinement in the county jail and a $400 fine. The court suspended the
confinement period and placed appellant on community supervision for one year. In a single issue, appellant contends the
trial court erred in granting the State's challenge for cause of a prospective juror. We affirm.

1. Standard of Review


A particular juror may be challenged for cause if he or she demonstrates bias or prejudice against any phase of law upon
which the State is entitled to rely for conviction. Tex. Code Crim. Proc. Ann. art. 35.16(b)(3) (Vernon Supp. 2001). When
a prospective juror is shown to be biased as a matter of law, he must be excused when challenged, even if he states that he
can set bias aside and provide a fair trial. Green v. State, 840 S.W.2d 394, 405 (Tex. Crim. App. 1992). However, it is left
to the discretion of the trial court to initially determine whether such a bias exists. Quinn v. State, 958 S.W.2d 395, 403
(Tex. Crim. App. 1997); Green, 840 S.W.2d at 405. We review the trial court's determination of a challenge for cause only
for clear abuse of discretion because the trial court is in the best position to determine the bias of the potential juror. Cantu
v. State, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992). The trial court abuses its discretion when its decision lies outside
the zone of reasonable disagreement. Erdman v. State, 861 S.W.2d 890, 893 (Tex. Crim. App. 1993); Cantu, 842 S.W.2d
at 682.

When a prospective juror is successfully challenged, the standard of review is "whether the totality of voir dire testimony
supports the trial judge's finding of fact that the prospective juror is unable to take the requisite oath and follow the law as
given by the trial judge." Fierro v. State, 969 S.W.2d 51, 57 (Tex. App.-Austin 1998, no pet.); see Goodwin v. State, 799
S.W.2d 719, 731 (Tex. Crim. App. 1990).

2. Analysis


During voir dire, the State discussed the various ways of proving intoxication. The prosecutor asked,"Is there anyone that
if I proved any of the two other methods, is there anyone that will have to have a breathalyzer test to show the person was
intoxicated?" A prospective juror raised her hand, and the State challenged her for cause. The trial court called the
prospective juror to the bench and asked her the following questions:

The Court: You heard the three ways the State can prove intoxication.



Prospective Juror: Right. My thing is, like the police, just because the police says he was mentally impaired and physically
impaired, I wouldn't know if I could make my verdict on just that, without having the breathalyzer. 



The Court: Are you telling me and the attorneys and Mr. Holmes that you need- and if you do, please tell us- you need
concrete proof, not just two people arguing about what they saw or heard on the occasion in question. You need some
scientific test and the results of that test before you can make a final decision. Is that what you're saying to Mr. Hubert and
Mr. Rhodes, and that without that, you can't make a decision?



Prospective Juror: I would like concrete proof, but without that, I would still be able to weigh, you know, my options out.



* * * * *




The Court: Are you requiring him to bring you a - the results of a test and without that, you cannot make a decision?



Prospective Juror: Correct.



* * * * *




Yeah, I'm saying there is no breathalyzer and I cannot find him guilty without a breathalyzer. 



The trial court then sustained the State's challenge for cause. 

Appellant contends that when the trial court granted the State's challenge for cause, it violated: (1) his right to an impartial
jury, (2) his right to due process under the Fourteenth Amendment of the United States Constitution, and (3) his right to due
course of law under article 1, section 19 of the Texas Constitution. We disagree.

The record supports the trial court's finding that the prospective juror had a bias against a phase of law on which the State
was entitled to rely. The prospective juror would have required the State to produce a higher level of proof of intoxication
than the law requires. Fierro, 969 S.W.2d at 59. The prospective juror repeatedly stated that before she could find
appellant guilty of the offense of driving while intoxicated, she would require the State to produce breathalyzer test results.

We conclude the trial court did not abuse its discretion by sustaining the State's challenge for cause of the prospective juror. 
Appellant's sole issue is overruled. 

The judgment of the trial court is affirmed.



FEDERICO G. HINOJOSA

Justice





Do not publish. Tex. R. App. P. 47.3.



Opinion delivered and filed this the

26th day of July, 2001.